```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


WILLIE LAMBERT, III,            :   CASE NO. 1:11-CV-2062
                                :
          Petitioner            :   (Judge Caldwell)
                                :
     v.                         :   (Magistrate Judge Smyser)
                                :
                                :
KEVIN HORAN and JON D. FISHER,  :
                                :
          Respondents           :
```

## REPORT AND RECOMMENDATION

We recommend that the petition for a writ of habeas corpus in this case be dismissed because the petitioner has failed to exhaust state remedies.

The petitioner claims that the Commonwealth of Virginia violated the Interstate Agreement on Detainers by refiling charges against him after the same charges had previously been dismissed in accordance with the Interstate Agreement on Detainers. Virginia has lodged a detainer with Pennsylvania

authorities based on the refiled charges.  The petitioner seeks dismissal of the charges.[1]

Because the petitioner has not yet been convicted of the charges in Virginia, his challenges to the charges are properly brought under 28 U.S.C. § 2241. *See Moore v. DeYoung*, 515 F.2d 437, 441-442 (3d Cir. 1975)(stating that for a state prisoner habeas corpus is usually a post-conviction remedy but that federal courts have jurisdiction under 28 U.S.C. § 2241 to issue the writ before a judgment is rendered in the state court proceedings).  Although there is no statutory exhaustion requirement applicable to habeas petitions brought under § 2241, the courts have imposed an exhaustion requirement. *Id.* at 442.  The petitioner must exhaust the remedies of the state where the charges are pending before filing a habeas corpus petition. *United States ex rel. Jennings v. Pennsylvania,* 429 F.2d 522, 523 (3d Cir. 1970).

---

1.  He also seeks an order staying his extradition from Pennsylvania to Virginia to face those charges.  But that request is likely moot because the petitioner asserts that the maximum date of his Pennsylvania sentence was November 20, 2011.

In order to exhaust state remedies, the petitioner must show that he has fairly presented his claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). He "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Exhaustion of state remedies is not required when there are no state remedies available to exhaust or when circumstances render state remedies ineffective to protect the rights of the petitioner. *28 U.S.C. § 2254(b)(1)(B).*

The petitioner alleges that he sought relief in the District Court of Virginia but that he could not obtain relief because that court lacked jurisdiction. He has not alleged, however, that he appealed the decision denying him relief. Thus, he has not alleged facts from which it can reasonably be inferred that he exhausted state remedies in Virginia.

The petitioner contends that to allow Virginia to take custody of him would be a miscarriage of justice. But he has

3

not presented a basis for a determination that the courts of Virginia should not be given the first opportunity to address his claims relating to charges pending in Virginia.  The Virginia courts can address his claim that there was a violation of the Interstate Agreement on Detainers.

     Because the petitioner has failed to exhaust state remedies, we recommend that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

                                        ***/s/ J. Andrew Smyser***
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  November 22, 2011.